INHABITANTS OF GREENFIELD *vs.* COUNTY COMMISSIONERS OF FRANKLIN.

Franklin.   Sept. 18. — Oct. 13, 1883.   FIELD & W. ALLEN, JJ., absent.

The St. of 1849, c. 96, made the trustees of certain funds given for charitable purposes a corporation ; and provided, in § 4, that " no part of the funds aforesaid shall, by the operation of this act, be exempted from taxation ; but, for the purpose of taxation, said funds shall be equally apportioned among " certain towns named. *Held*, that the funds in question were subject to the general laws, passed from time to time, relating to the taxation of property, as they would have been if the trustees had remained unincorporated. *Held, also*, that the statute did not authorize a franchise tax. *Held, also*, that the Pub. Sts. c. 13, § 52, providing that property held in trust by the class of corporations therein named shall, for the purposes of taxation, be governed by the provisions of their charters, and the Pub. Sts. c. 11, § 38, requiring a list of taxable property to be given to the assessors, did not apply to this corporation.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Franklin in abating a tax assessed by the town of Greenfield upon the funds of the Trustees of the Smith Charities. Hearing before *Morton,* C. J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*A. De Wolf,* for the petitioner.

*D. W. Bond & J. C. Hammond,* for the respondents.

COLBURN, J. By the St. of 1849, *c.* 96, certain persons, who had been chosen trustees of the funds created by the will of Oliver Smith for charitable purposes, were made a corporation by the name of the Trustees of the Smith Charities.

Section 4 of said chapter is as follows: " No part of the funds aforesaid shall, by the operation of this act, be exempted from taxation; but, for the purpose of taxation, said funds shall be equally apportioned among the eight towns named in said will, to wit: Northampton, Hadley, Amherst, Hatfield, Williamsburg, Whately, Deerfield, and Greenfield, or such of them as shall not have forfeited their rights therein; and said apportionment shall be made, and the assessors of each of said towns shall be notified of the same by the trustees provided for in said will, on or before the first day of May annually; and the portions of said funds, thus assigned to the said towns respectively, may be assessed therein, in all the taxes legally voted and assessed by said towns: provided, however, that all the real estate shall be taxed in the towns where the same is situate."

On May 1, 1882, the funds of said corporation, exclusive of its place of business in Northampton, of which it was the owner in fee, amounted to $1,054,361.36, and were invested as follows: 1. Real estate held in fee by foreclosure of mortgages. 2. United States Government bonds. 3. New York City stock. 4. 100 shares Great Falls Manufacturing Company, Somersworth, New Hampshire. 5. 211 shares Northampton National Bank. 6. State of Maine bonds. 7. 10 shares Connecticut River Railroad Company. 8. Loans on mortgages of real estate. 9. Apprentice loans. 10. Cash.

The trustees, in 1882, made an apportionment of their funds, and notified the assessors of Greenfield thereof, as required in § 4 of the act of incorporation. In making this apportionment, they included only items 3, 4, 6, 9, and 10 in the above list of their funds. The assessors, disregarding the apportionment made by the trustees, assessed a tax upon one eighth of the entire amount of the funds, as shown in said list. The trustees applied to the assessors for an abatement of all that part of the tax which was assessed upon the funds not included in their apportionment, who refused to make such abatement, and the trustees complained to the county commissioners, who, after

a hearing, made the abatement requested. This petition was thereupon brought for a writ of certiorari to be issued to the county commissioners, and prayed that the proceedings by them, in making the abatement, might be quashed.

The petitioner contends that, by force of the provisions of § 4 of the act of incorporation, all the funds, except investments in real estate, continue taxable in the eight towns, notwithstanding any changes which have been made, under general laws, in the methods of taxation. The contention of the respondents is, that these funds are taxable only as other similar property is taxable, under general laws.

At the time the St. of 1849, c. 96, was passed, clause 2 of the Rev. Sts. c. 7, § 5, was in force, the material part of the section being as follows: " The following property and polls shall be exempted from taxation, namely: " " Secondly. The personal property of all literary, benevolent, charitable and scientific institutions, incorporated within this Commonwealth, and such real estate belonging to such institutions, as shall actually be occupied by them, or by the officers of said institutions, for the purposes for which they were incorporated."

We are of opinion that the purpose of the provision, " No part of the funds aforesaid shall, by the operation of this act, be exempted from taxation," in § 4 of the act of incorporation, was to prevent any claim being made that, by the trustees becoming incorporated, the funds had become exempted from taxation under said provision of the Revised Statutes, and to leave the funds taxable just as they would have been in the hands of the trustees if the act of incorporation had not been granted ; and we fail to see any other force or effect in the provision. The rest of the section merely provides where the funds shall be taxed, and for their apportionment for taxation between the towns, but in no way increases their liability to taxation.

We think that at most, in 1882, these funds were only taxable in the towns, to the same extent they would have been if they had continued to be held by the trustees unincorporated; or, in other words, that they were subject to the general laws relating to the taxation of property.

Having determined the construction of the provisions of the act of incorporation, the other questions in the case can be settled without difficulty.

The first item in the foregoing schedule, being real estate, the petitioners now concede they had no right to tax.

The second item, being United States Government bonds, was clearly not liable to taxation.

The fifth item, being shares in the Northampton National Bank, was taxable under the Pub. Sts. *c.* 13, § 8, and by the provisions of that section and of § 16 was not taxable by the petitioners.

The seventh item, being shares in the Connecticut River Railroad Company, was taxable under § 40 of the same chapter, and by § 57 of that chapter and § 4 of chapter 11 was not taxable by the petitioner. Whether the petitioner is entitled to any credits, under the Pub. Sts. *c.* 13, §§ 13, 57, or whether § 18 of that chapter applies to these trustees, we have no occasion to consider.

The eighth item, being loans on mortgages of real estate, was taxable as real estate, under the Pub. Sts. *c.* 11, § 14; and, under § 4 of that chapter, was not taxable by the petitioner.

For these reasons, we are of opinion that the trustees apportioned and assigned to the petitioner all that part of their funds the town was entitled to tax.

The petitioner contends that § 4 of the act of incorporation authorized a franchise tax, and not a tax upon the property of the corporation. We see no ground for such claim. As we have said before, that section did not authorize a tax of any kind; it merely provided that the act of incorporation should not exempt the funds from taxation.

The petitioner further contends that, "by force of the Pub. Sts. *c.* 13, § 52, this corporation, for the purposes of taxation, is to be governed by the provisions of its charter." If this were so, we should still have to decide, as we have, what the provisions of its charter as to taxation are; but § 52 applies to an entirely different class of corporations.

The petitioner further contends that, if this tax was a tax upon property, the trustees were not entitled to an abatement, as they did not bring in a list of their property, as required by the Pub. Sts. *c.* 11, § 38. We are of opinion that this section did not apply to the trustees, as the apportionment and return to the assessors required by their charter was a substitute for the list required by that section.

The petitioner contends that it is manifestly contrary to justice and the spirit of the Constitution to tax the property of this charitable corporation, and exempt that of all others ; and this is urged as an argument in favor of its claim that the tax upon the funds of this corporation is a franchise tax.  But the same objection would exist to a franchise tax as to a property tax upon a particular corporation, all other corporations of the same class being exempt, and we hardly see why the petitioner should raise the question.

But this question, and a claim made by the corporation, in its argument, that by force of the Pub. Sts. *c.* 105, § 2, its funds are exempted from taxation by the general provision which exempts the property of charitable corporations, we have no occasion to consider; for, having decided that the funds not included in the apportionment and return were not subject to taxation, this case raises no question as to the liability to taxation of the funds which were included.

*Petition for writ of certiorari dismissed.*